UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM MOSS,

                Petitioner,

v.

         Case No. 97-72172
         Honorable Shalina D. Kumar

GERALD HOFBAUER,

                Respondent.

**ORDER TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 113) TO THE SIXTH CIRCUIT**

**I.     Introduction**

Pro se petitioner Kim Moss, currently incarcerated in a Michigan correctional facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. In January 1985, a state-court jury convicted Moss on counts of first-degree murder and possession of a firearm during the commission of a felony, and Moss was sentenced to life imprisonment without the possibility of parole for the murder conviction.

The Court denied Moss's habeas petition in May 2000; the Sixth Circuit affirmed in 2002; and the Supreme Court denied certiorari that year. *See Moss v. Hofbauer*, 286 F.3d 851, 867 (6th Cir. 2002), *cert. denied*, 537 U.S. 1092 (2002). Moss now moves under Federal Rule of Civil Procedure

60 for relief from the Court's denial of his habeas petition. ECF No. 113. For the reasons below, the Court transfers the motion to the Sixth Circuit.

## II.     Standard of Review

In general, Rule 60 "applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). Federal statutory provisions applicable here sharply restrict federal courts' ability to consider and grant "second or successive" habeas petitions. 28 U.S.C. § 2244(b). Without a claim based on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence, a "federal district court[] lack[s] jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant Court of Appeals." *Franklin*, 839 F.3d at 473 (citing 28 U.S.C. § 2244(b)(3)).

A petitioner's Rule 60 motion is a "second or successive" habeas application "when it 'seeks vindication of' or 'advances' one or more 'claims.'" *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531-32). A "claim," in turn, is an asserted federal basis for relief from a state court's judgment of conviction. *Id.* For example, a habeas petitioner's Rule 60 motion advances claims when the petitioner

seeks "to present new evidence in support of a claim already litigated." *Franklin*, 839 F.3d at 473 (cleaned up). By contrast, a petitioner does not seek to advance new claims "when [his] motion 'merely asserts that a previous ruling which precluded a merits determination was in error.'" *Post*, 422 F.3d at 424 (quoting *Gonzalez*, 545 U.S. at 532 n.4).

"It makes no difference that the motion itself does not attack the district court's substantive analysis" of the merits of a habeas claim—at bottom, the motion may not seek vindication of or advance a claim "by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition." *Id.* at 424-25.  If a Rule 60 motion does just that, it is "simply a 'second or successive' habeas application," and a district court may not consider the motion without prior authorization from the relevant appeals court. *Franklin*, 839 F.3d at 473.

In the Sixth Circuit, "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization . . . , the district court shall transfer the document to [the Sixth Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## III.  Analysis

Moss alleges newly discovered evidence in the form of two affidavits. Both affiants in different terms state that since childhood, they knew Nicole Purdie—the only eyewitness in Moss's prosecution who testified that she saw Moss shoot the victim. ECF No. 113, PageID.83-86; *see Moss*, 286 F.3d at 855. The affiants state that in conversations with Moss, they learned of Purdie's testimony and described how severely visually impaired Purdie was all her life due to multiple sclerosis—"she could barely see back then." ECF No. 113, PageID.85; *id.* at PageID.83-84. The affidavits indicate that many people who knew Purdie since childhood also knew about her vision issues. *Id.* at PageID.83-86.

Moss contends that these affidavits and other yet-discovered medical evidence support his defense of misidentification, theorizing that Purdie misidentified him because of her medical condition. *Id.* at PageID.60, 64.

Despite Moss's new evidence, the Court may not consider it because Moss's motion is a successive habeas petition. In his original habeas petition, Moss claimed that his trial counsel rendered ineffective assistance of counsel ("IAC") for failing to cross-examine Purdie based on certain inconsistencies in her testimony and the accuracy of her identification of Moss. *See Moss*, 286 F.3d at 864. He fully litigated that claim but now

offers and seeks to further discover new evidence about Purdie's vision to again highlight inconsistencies in Purdie's testimony and question Purdie's identification of him. He does not contend a new constitutional rule or actual innocence warrants relief. So, his new evidence would merely renew the basis of his IAC claim, leading impermissibly "to a merits-based attack on the prior dismissal of his habeas petition." *Post*, 422 F.3d at 424-25.

Because Moss's motion is a successive habeas petition filed without the required appellate authorization, the Court lacks jurisdiction to consider it and, in the interest of justice, must transfer it to the Sixth Circuit for preapproval of its filing. *See* 28 U.S.C. § 1631; *Sims*, 111 F.3d at 47.

### IV. Conclusion

Moss's motion for relief from judgment (ECF No. 113) amounts to a successive habeas petition. Accordingly, the Clerk of Court is hereby **DIRECTED** to transfer the motion to the United States Court of Appeals for the Sixth Circuit.

Dated: March 15, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge